### HEARST RADIO, Inc. v. FEDERAL COMMUNICATIONS COMMISSION.

#### Civ. No. 692-47.

District Court of the United States for the
District of Columbia.
July 3, 1947.

Littlepage & Littlepage and Dempsey & Koplovitz, all of Washington, D. C., for plaintiff.

Benedict P. Cottone, Harry M. Plotkin, George Morris Fay, Wendell Berge and Edward J. Hickey, Jr., all of Washington, D. C., for defendant.

PROCTOR, Associate Justice.

1. The motion for a three judge court is denied. Another judge of this court has formally denied a previous motion of this kind. Hence the present motion should not have been made. In effect it seeks to have me review the order of another judge of this court. I can lend no encouragement to such a practice. If tolerated it would inevitably lead to hopeless confusion and embarrassment in the administration of justice in this court.

2. The motion to dismiss the complaint will be granted. I can find no ground of jurisdiction to support any action by this court. Granting of the relief prayed would, in my opinion, constitute an improper interference with procedural steps of the Communications Commission in the course of a matter legally pending before it. I do not think the statutes relied upon by plaintiff lend any authority for such interference, even assuming, arguendo, that the Commission acted erroneously in issuing the alleged libelous report. Courts cannot stand in constant watch and supervision over proceedings before governmental agencies to prevent some erroneous or wrongful action, any more than appellate tribunals can assume to control on the spot the actions of the trial courts. Practical considerations require that the aggrieved party go on with the case. If in the end it turns against him, he may resort to such methods of judicial review as the law allows. In short, the plaintiff must adhere to the established rule of exhausting its administrative remedies. Here Section 402 (b) of the Communications Act, 47 U.S. C.A. § 402(b), affords the means for judicial review. I do not think the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., is intended to enlarge the methods or scope of such review, and in my opinion it would be stretching the Declaratory Judgment Act, 28 U.S.C.A. § 400, out of all reason to resort to its use as a means for meddling in the proceedings now pending before the Commission. Obviously, from the views expressed, this court has refrained from any consideration of the merits of the controversy before the Commission or the propriety of the report in question.